UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO MORRIS

          Petitioner,

v.                                Case No. 21-cr-20099
                                Case No. 23-cv-10591

UNITED STATES OF AMERICA,     Sean F. Cox
                                United States District Court Judge

          Respondent,

_____/

**OPINION & ORDER**
**DENYING RESPONDENT'S MOTION TO VACATE SENTENCE [ECF No. 54] AND**
**GRANTING RESPONDENT'S MOTION TO EXPAND THE RECORD [ECF No. 57]**

On February 10, 2021, a grand jury returned a three-count indictment against Petitioner charging him with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (ECF No. 68; PageID.481–84). Petitioner pleaded guilty to count one of the indictment on March 20, 2009, pursuant to the terms of a Rule 11 Plea Agreement (ECF No. 41). The Court accepted Petitioner's guilty plea, and the Rule 11 Plea Agreement was taken under advisement. (ECF No. 51). The Court then imposed a sentence of 132 months imprisonment and 5 years of supervised release. (ECF No. 53, PageID.377).

The matter currently before the Court is Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence by Defendant Pursuant to 28 U.S.C. § 2255" (ECF No. 54). In this motion, Petitioner argues that his defense counsel denied him effective assistance of counsel as required by the Sixth Amendment, due to defense counsel's alleged failure to explain that pleading not

guilty was not the only way to obtain a sentencing benefit. (ECF No. 54, PageID.397). Petitioner alleges his attorney did not explain that he could also receive a sentencing benefit (i.e. not being sentenced) by pleading not guilty and going to trial. (ECF No. 54, PageID.397).

That same day, Petitioner also filed his Motion to Expand the Record (ECF No. 57) to include an exhibit attached to the motion and referenced in Petitioner's motion to vacate sentence (ECF No.54, PageID.403). The Government has not opposed this motion.

On September 20, 2023, the Government filed its response to Petitioner's motion to vacate sentence arguing that Petitioner had waived his right to contest these issues in his Rule 11 Plea Agreement. (ECF No. 68). On October 27, 2023, Petitioner filed his reply to the Government's response. (ECF No. 70).

For the reasons stated below, the will **GRANT** Petitioner's Motion to Expand the Record (ECF No. 57) and **DENY** Petitioner's motion to vacate. (ECF No. 54).

## STANDARD OF REVIEW

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides as follows, in pertinent part:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal

citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

## ANALYSIS

### I.     Petitioner's Motion to Expand the Record

The Court first addresses Petitioner's unopposed Motion to Expand the Record. (ECF No. 57). The Motion concerns an exhibit containing Petitioner's Declaration in support of his motion to vacate. (ECF No. 57, PageID.426). The Court hereby **GRANTS** Petitioner's Motion to Expand.

### II.    Petitioner's Motion to Vacate

Next, Petitioner's motion to vacate, brought pursuant to § 2255, argues that he received ineffective assistance of counsel because his guilty plea was the result of "gross misadvice, constituting ineffective assistance." (ECF No. 54, PageID.397). Specifically, Petitioner claims his counsel "misadvised [Petitioner] that by accepting the United States' formal plea offer he would receive a significant sentencing benefit, which was actually illusory." Petitioner's motion to vacate sentence elaborates as follows:

> Specifically, former counsel failed to advise [Petitioner] that he could obtain the same benefit – not being convicted of the 924(c) count in the superseding indictment – by proceeding to trial, where the lack of evidence connecting a firearm found in the work van driven by [Petitioner] at the time of this arrest to the drugs involved in his offense would result in his acquittal on the 924(c) Offense. Additionally, former counsel failed to explain the elements of the 924(c) offense to [Petitioner], so that he could make an intelligent assessment of the formal plea offer then under consideration. [Petitioner]'s plea was unknowing, unintelligent, and involuntary based on counsel's ineffective assistance in providing this misadvice.

3

[sic] But for this misadvice [sic], [Petitioner] would have persisted in his plea of not guilty and exercised his right to trial by jury.

(ECF No. 54, PageID.397).

The Court disagrees. At the outset, the Court disagrees with Petitioner's argument that defense counsel failed to advise Petitioner of the his options and the consequences of pleading guilty. (*Id.*) Rather, the transcript of Petitioner's November 19, 2021, plea hearing clearly shows that defense counsel had discussed the charges as well as the sentencing consequences with Petitioner. (ECF No. 52, PageID.354–55). At that plea hearing, Petitioner was placed under oath and acknowledged that he had reviewed all the provisions of the Rule 11 Plea Agreement with his attorney, and that he was satisfied with his attorney's advice and representation. (ECF No. 52, PageID.356). Petitioner also testified that there was nothing within the plea agreement that he did not understand. (ECF No. 52, PageID.355–56). He also confirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case. (ECF No. 52, PageID.360). After finding a factual basis in support of the plea, the Court accepted the Rule 11 Plea Agreement. (ECF No. 52, PageID.365).

In its response to Petitioner's motion to vacate sentence (ECF No. 68), the Government argues that Petitioner's plea was knowingly, voluntarily, and intelligent, and that his motion to vacate should therefore be denied. (ECF No. 68, PageID.492, 500).

Further, even if Petitioner did have ineffective assistance of counsel, Petitioner cannot show prejudice. (ECF No. 68, PageID.493). "To establish

prejudice at the plea stage, [Petitioner] must show a 'reasonable probability' that, but for counsel's errors, 'he would not have pleaded guilty and would have insisted on going to trial.'" *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). (ECF No. 68, PageID.493). "Where the Court has 'scrupulously followed the required procedure' under Rule 11, the defendant is 'bound by his statements in response to the court's inquiry' *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)." (*Id.*)

Finally, the Government argues that a hearing is unnecessary in this case and that the court should deny a certificate of appealability. (ECF No. 68, PageID.499). The Government argues Petitioner is not entitled to an evidentiary hearing because Petitioner's "'factual narrative of the events' is 'contradicted by the record' and 'inherently incredible'…*Huff v. United* States, 734 F.3d 600, 607". (ECF No. 68, PageID.499). Further, the Government argues that the Court should deny a certificate of appealability. A certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). If, as here, a petitioner fails to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" the petitioner is not entitled to a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). (ECF No. 68, PageID.499–500).

The Court agrees and holds that Petitioner knowingly and voluntarily waived his right to contest these issues by signing the Rule 11 Plea Agreement in this matter. The Court also holds that a hearing is unnecessary and denies a certificate of appealability. Petitioner's arguments to the contrary are without merit.

**CONCLUSION**

For the reasons explained above, the Court **ORDERS** that Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence By Defendant Pursuant to 28 U.S.C. § 2255" is **DENIED** (ECF No. 54) and that Petitioner's Motion to Expand the Record (ECF No. 57) is **GRANTED**. The Court also declines to issue a certificate of appealability.

**IT IS SO ORDERED**.


Dated:  January 23, 2024                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge


I hereby certify that on January 23, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                            s/J/  McCoy
                                            Case Manager